HURD CREAMERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10634. Promulgated April 18, 1928.

*L. M. Hirschtritt, Esq.*, for the petitioner.
*J. A. O'Callaghan, Esq.*, for the respondent.

OPINION.

MARQUETTE: The only question presented for our determination by the record in this proceeding is whether the petitioner is entitled to include in its invested capital for the years 1919 and 1920 the amount of $89,175 as paid-in surplus.

The evidence herein shows that the petitioner's predecessor was, in the year 1910, on the verge of bankruptcy. In order to avert bankruptcy the petitioner was organized, and all of its capital stock, amounting to $125,000, was issued for the stock of the old company and $111,300 in cash, of which $89,175 was furnished by the stockholders of the old company, the remaining $22,125 being subscriptions by other persons for the new stock at par. Having thus acquired the capital stock of the old company, the petitioner dissolved that company and took over its assets and liabilities.

We are unable to determine from the evidence the value of the capital stock of the old company at the time it was acquired by the petitioner, or the net value of the assets of the old company at the time it was liquidated. That the stock of the old company was not worth its book value as shown by the balance sheets incorporated in the findings of fact, is very evident from the fact that the company was on the verge of bankruptcy. The respondent has determined that the petitioner is not entitled to any paid-in surplus and the burden is upon the petitioner to show that the respondent erred in that determination. The petitioner has wholly failed to meet that burden and we have before us no evidence from which we can find that the petitioner in exchange for its capital stock acquired cash and other assets of a value greater than the par value of the stock. On the record we must affirm the respondent.

*Judgment will be entered for the respondent.*